People v Smalls (2026 NY Slip Op 00857)

People v Smalls

2026 NY Slip Op 00857

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Ind. No. 74954/22|Appeal No. 5804|Case No. 2024-04874|

[*1]The People of the State of New York, Respondent,
vTranell Smalls, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., at plea; Ralph A. Fabrizio, J., at sentencing), rendered on June 28, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of two years of probation, unanimously affirmed.
Defendant validly waived his right to appeal, since "the totality of the circumstances reveals that [he] understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). Nevertheless, his facial constitutional challenge to New York's firearms licensing scheme premised on New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) survives the waiver (see People v Johnson — NY3d &mdash, 2025 NY Slip Op 06528, *2 [2025]). However, defendant failed to preserve this claim (see People v Cabrera, 41 NY3d 35, 45-51 [2023]), and we decline to review it in the interest of justice. As an alternative holding, while defendant has standing to raise his claim, notwithstanding that he never applied for a firearm license (see Johnson, 2025 NY Slip Op 06528 at *2), we reject defendant's challenge to the "good moral character" provision (Penal Law §400.00[1][b]) on the merits (see People v Guzman, 237 AD3d 570, 571 [1st Dept 2025], lv denied 44 NY3d 993 [2025]).
Defendant's claim that his counsel was ineffective for failing to raise a Bruen claim is unreviewable on direct appeal "because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion" (People v Holder, 224 AD3d 513, 514 [1st Dept 2024], lv denied 41 NY3d 1018 [2024]). In any event, counsel's failure to raise the Bruen claim was not ineffective, since that claim had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026